SARAH I. SLATER v. MAY, D. TAYLOR.[1]

January 14, 1910.

Nos. 16,465—(204).

**Foreclosure of Mortgage — Notice of Sale.**

> The omission in a notice of foreclosure of a real estate mortgage of the
> letters "a. m.," following the hour set for the sale of the property, *held*, in
> view of the fact that the statutes require all such sales to take place "be-
> tween 9 o'clock a. m. and the setting of the sun," not fatal to the validity
> of the foreclosure. The notice sufficiently indicates the hour of the sale
> to be 10 o'clock in the forenoon.

Action in the district court for Hennepin county to set aside the
certificate of sale upon foreclosure of a certain mortgage by adver-
tisement and all the foreclosure proceedings. The complaint alleged
that the notice of sale and all proceedings by virtue thereof were
void in that the notice of sale did not set forth the time and place of
sale according to law. From an order sustaining defendant's de-
murrer to the complaint, Dickinson, J., plaintiff appealed. Af-
firmed.

*John J. McHale*, for appellant.

*C. S. Deaver* and *William H. Hallam*, for respondent.

PER CURIAM.

Action to set aside the foreclosure of a real estate mortgage.
Plaintiff appealed from an order sustaining a general demurrer to
the complaint.

The only defect in the proceedings complained of by plaintiff is
found in that part of the notice of foreclosure naming the hour of
the sale. The notice contains the information that the sale will take
place at the sheriff's office in the city of Minneapolis, "on the 6th
day of July, 1908, at 10 o'clock thereof." The point made is that

[1] Reported in 124 N. W. 3.

the hour is not indicated as a. m. or p. m. The statutes of the state require all foreclosure sales to take place "between 9 o'clock a. m. and the setting of the sun,"[1] and it must be assumed that the hour stated in the notice was intended to be within these limitations, for a sale could not lawfully be held at ten o'clock at night. The omission of the letters "a. m.," or the word "forenoon," in the notice, was not fatal.

Order affirmed.